IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 28, 2005

## STATE OF TENNESSEE v. JAMES ERSKIN McCULLOUGH

**Direct Appeal from the Criminal Court for Hamilton County**
**Nos. 242224, 242320     Rebecca J. Stern, Judge**

---

**No. E2004-02669-CCA-R3-CD - June 29, 2005**

---

The Defendant, James Erskin McCullough, pled guilty to various offenses, and, while he was on probation for these convictions, a probation violation report was filed, stating that the Defendant failed to report to his probation officer and was arrested for theft. After a hearing, the trial court revoked the Defendant's probation, and it ordered that the Defendant serve the remainder of his sentence in prison. On appeal, the Defendant contends that the evidence is insufficient to revoke the Defendant's probation, and, therefore, the trial court abused its discretion by revoking his probation. After thoroughly reviewing the record and the applicable authorities, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

Ardena J. Garth and Donna Robinson Miller, Chattanooga, Tennessee, for the Appellant, James Erskin McCullough.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; William H. Cox, III, District Attorney General; and Bates W. Bryan, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I. Facts**

On June 19, 2003, the Defendant entered guilty pleas to two counts of forgery, one count of theft of property over $500.00, one count of theft of property over $1000.00, one count of theft of property under $500.00, one count of identity theft, one count of criminal impersonation, and one count of failure to appear. The trial court sentenced the Defendant to an effective sentence of nine years, as a Range III offender, to be served on intensive probation. On June 21, 2004, a probation

violation report was filed, alleging that the Defendant failed to report to his probation officer and that he was arrested for theft.

The following evidence was presented at the Defendant's probation revocation hearing: Dee Massey, the Defendant's Tennessee probation officer, testified that, after the Defendant was convicted in Tennessee, he went to Georgia because he had another case pending there. Massey testified that her office monitored the Defendant's case and his incarceration time while he was in Georgia. She stated that she sent the Defendant letters, while he was in Georgia, notifying him of his responsibility to report to the State of Tennessee upon his release from custody in Georgia. Massey testified that the Defendant did not report to her or to her office upon his release from custody in Georgia. She said that a note in the Defendant's file indicated that the Defendant's probation officer from Georgia contacted her office. That Georgia officer left a message that the Defendant was "reporting" in Georgia and was going to live at a halfway house in Chattanooga.

Massey stated that it was her office's understanding that the Defendant would return to Tennessee for "dual-supervision," where he would be a probationer from Tennessee and be "an interstate compact" probationer from Georgia. She stated that the Defendant did not report for supervision in Tennessee. Massey testified that an officer contacted the halfway house where the Defendant was supposed to be living, but he was not there, and Massey's office discovered that the Defendant had been arrested on a charge of theft under $500.00. She stated that she filed a probation violation, and the trial court issued a capias for the Defendant. She testified that she was unaware that the Defendant had two theft convictions after she filed the probation violation form because she transferred to a different office. She concluded that the Defendant was supposed to be on intensive probation, and he never reported to her office after he was released from Georgia.

The Defendant testified that, after his release from the Georgia Detention Center, he was transferred to a facility in Rome, Georgia, so that he could pay his court costs and fines. He said that he was then transferred to a work release program in White County, Georgia. The Defendant testified that he was then transferred to a diversion program in Floyd County, Georgia, where he was required to get a job to pay all court costs and fines before he was released. He said that he was then transferred to Ringgold, Georgia, where he was required to prove that he had satisfied his costs and fines. He stated that, at that point, he believed that "everything was complete" because he showed a receipt for all of his costs and fines to the State of Georgia. The Defendant testified that he then went to Chattanooga, Tennessee, and he learned that his father had been murdered. He stated that he applied to live at a halfway house, but the Hephzibah Ministry did not have space for him.

The Defendant testified that he began using drugs again, he pled guilty to two theft charges in General Sessions Court, and he was, at the time of the hearing, about halfway through serving both of those sentences. He testified that, when he pled guilty to the theft charges, he made arrangements to be admitted into the VA hospital. He said that the General Sessions Court Judge agreed to suspend the last month of his sentence to allow him to go to treatment at the VA hospital. The Defendant testified that, while incarcerated, he was accepted into a drug therapy program, and,

after that program, he would still be able to be admitted to the VA hospital on his VA benefits. He stated that he has employment arranged, upon his release, if granted probation, as a cook at a fast food restaurant. The Defendant testified that he is veteran from the Vietnam War, and he admitted that he has a drug problem for which he has not received treatment, but he stated that he used drugs to deal with his post-traumatic stress disorder. He said that he also suffers from other medical problems. The Defendant testified that he is the only family member to support his children, and he requested that the court place him on probation.

On cross-examination, the Defendant admitted that he never reported for intensive probation. He stated that, when he was released, he looked for treatment programs. He admitted that he was convicted of theft charges. He said that he did not receive drug treatment or alcohol counseling while in Georgia. The Defendant stated that he has not received counseling before, and he said he will be able to get treatment that he needs from the VA hospital.

After hearing the evidence, the trial court stated:

[The Defendant] has a long record. He also has violated probation by failing to report to [the] probation office, being convicted of theft this August and by his own admission getting caught up in drugs. Therefore, his probation is revoked, his sentences are ordered into execution with credit for time served.

The Defendant appeals the trial court's order, contending that the trial court erred when it revoked his probation.

## II. Analysis

The Defendant argues that the trial court abused its discretion in revoking his probation because insufficient evidence was presented that he violated his probation, and he argues that there is no evidence that he received notification from his probation officer of his responsibility to report in Tennessee. The State counters that the evidence presented was sufficient to warrant the revocation of the Defendant's probation.

When a trial court determines by a preponderance of the evidence that a probationer has violated the conditions of his or her probation, the trial court has the authority to revoke probation. Tenn. Code Ann. § 40-35-311(e) (2003). The decision to revoke probation is in the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion in a probation revocation case, the record must be void of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. Id.; State v. Grear,

568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Proof of a probation violation is sufficient if it allows the trial court to make a conscientious and intelligent judgment. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

We conclude that the trial court did not abuse its discretion when it found that sufficient evidence was presented that the Defendant violated his probation. The Defendant's probation officer notified the Defendant several times of his responsibility to report to Tennessee for intensive probation. The Defendant did not state that he did not know or understand this responsibility, and he admitted that he never reported for intensive probation. In addition, the Defendant admitted that he was arrested and convicted for two theft charges after he was released from his obligations with the State of Georgia. Thus, we conclude that the trial court did not abuse its discretion by determining that the State proved, by a preponderance of the evidence, that the Defendant violated his probation. This issue is without merit.

## III. Conclusion

Based on the foregoing reasoning and authority, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

-4-